

SAHLI LAW, PLLC
195 BROADWAY, 4TH FLOOR
BROOKLYN, NY 11211
PH: 347-378-8132
WWW.SAHLILAW.COM

July 17, 2024

*[Handwritten annotation across page: The request to terminate supervised release is denied. However, def't may visit his mother on 5 days notice to the probation officer, and the probation officer may, in his discretion, ease other conditions of supervised release. A.K. Hellerstein 7-18-24]*

**VIA ECF**
Honorable Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Harvey Foster</u>, 20 cr. 631 (AKH)

Dear Judge Hellerstein:

I, along with Marlon Kirton, represent Harvey Foster in the above-referenced matter.

We request early termination of his supervised release, pursuant to 18 USC § 3583(e).

<u>BACKGROUND</u>

1. On March 20, 2023, this Honorable Court sentenced Mr. Foster to three years of supervised release after Mr. Foster pleaded guilty to narcotics distribution and possession with intent to distribute in violation of 21 USC 841 (b)(1)(C).

2. Mr. Foster's supervised release expires March 20, 2026. Mr. Foster has served nearly 16 months of his three-year term.

3. Mr. Foster has not been rearrested or committed a violation, infraction, or incident during his term of supervision.

4. Mr. Foster is currently under the supervision of USPO Brianna Willborn. The Defense consulted with USPO Willborn and she consents to early termination.

5. The Defense consulted with the Government regarding this request and they oppose.

6. Mr. Foster has maintained full-time employment through the ACE Programs since May of 2022. He currently works in sanitation and earns a salary of approximately $2,000.00 a month.

7. Mr. Foster has complied with the Court's order to participate in an outpatient treatment program approved by Probation. Probation reported that Mr. Foster continues to attend substance use services at TRI Center.  Based on his positive progress in treatment, his sessions have been reduced from weekly to two times per month.

8. Mr. Foster is 39 years of age. He has no children. He is an only child. His father lives in Manhattan, New York and his mother lives in Greensville, South Carolina. His mother has been a source of significant support to Mr. Foster throughout his adult life, including during the resolution of the underlying offense.

## STATUTORY AND CASE LAW BASIS FOR THIS REQUEST

Title 18, Section 3583(e)(1) of the United States Code states that, after considering several factors expressed in 18 U.S.C.§ 3553(a)[1], "the Court may terminate a term of supervised release and discharge the defendant after serving one year of supervision if it is warranted by the conduct of the defendant and it is in the "interest of justice." *U.S. v. Filocomo*, 2022 WL 118735 (E.D.N.Y. 2022); See also, *United States v. Trotter*, 321 F.Supp.3d 337, 359 (E.D.N.Y. 2018).

Indeed, it is the sole discretion of this Court to grant early termination of supervised probation (*U.S. v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997)), and as such, the statute "on its face authorizes the court to modify conditions of supervised release only when general punishment goals would be better served by modification." *Id.* at 35; See also, *U.S. v. Kappes*, 782 F.3d 828 (7th Cir. 2015), accord., *Johnson v. United States*, 529 U.S. 694, 709 (2000). As evinced in the Monograph 109[2] and in the Sentencing Guidelines Manual in § 5D1.2, the policy concerns for ex-offenders on supervised probation is to encourage early terminations whenever appropriate. *cf, U.S. v. Parisi*, 821 F.3d 343, 348 (2nd Cir. 2016). Denial of a request for early termination of supervised release by a supervised individual who has maintained good

---

[1] Specifically, the Court is to consider (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).
[2] Supervision of Federal Offenders. Guide to Judiciary Policy, Vol. 8E, Ch.3 at 28-30.

behavior, reintegrated into society and "who satisfied all other conditions of supervised release, would suggest that the denial is for punishment and not rehabilitation." *United States v. Hutchinson*, 577 F. Supp. 3d 134, 135 (E.D.N.Y. 2021).

The Honorable District Court, Judge Jack B. Weinstein, in U.S. v. Trotter, cautioned, "[t]he current reflexive use of longer than needed supervised release periods may increase the likelihood of recidivism. Not only is there no increase in recidivism rates when low-risk people are not supervised, requiring low-risk people to participate in the treatment and other programs common to post-prison supervision can actually increase the likelihood that they will reoffend. While it is not clear exactly why this occurs, possible reasons include the fact that supervising low-risk people and placing them in programs can disrupt their pro-social networks, as well as the fact the increased supervision and the associate conditions increase the likelihood of violations." 321 F.Supp.3d at 362.

Here, Mr. Foster meets all the criteria mentioned above to avail him of the benefit of early termination. Early termination will allow Mr. Foster to continue his good behavior without the limited restrictions of supervision, including the ability to visit his mother in South Carolina needing advance permission for travel outside the Southern District of New York.

### 18 U.S.C. 3553(a) FACTORS

When entertaining a request for early termination under 18 USC 3553 (e), courts must consider the factors under *18 USC 3553 (a)*. *See U.S. v. Parisi*, 821 F.3d 343, 348 (2nd Cir. 2016).

### HISTORY AND CHARACTERISTICS

Mr. Foster has spent nearly 16 months on supervised release.  Since Mr. Foster began supervision, he has maintained full-time employment. A record of his recent paychecks is attached as Exhibit A. He has also attended a substance use treatment program. Mr. Foster has made such positive progress with his substance treatment that his sessions have been reduced from weekly to twice monthly.  His significant progress has been noticed by his probation officer, USPO Brianna Willborn, who has consented to the request for early termination.

Additionally, the restrictions of his ability to travel without arranging advance permission has hampered his ability to maintain a connection with his mother, who lives in

South Carolina. A letter provided by Ms. Terry Foster is attached as Exhibit B. Her work limits her ability to travel to New York as often as she would like. She notes his progress and her continued support of him as he plans for his future.

## FURTHER CRIMES OF THE DEFENDANT

Mr. Foster's successful participation in a substance use treatment program during supervision reduces the risk to the public from further crimes of Mr. Foster.[3] Prior to his sentencing, he also completed an 18-month detox program. His involvement in the underlying offense was directly connected to his own struggles with substance use. His demonstrated commitment to living a drug-free life, as well as his legitimate employment, factors in support of this request for early termination from supervision.

## PROVIDE JUST PUNISHMENT

Through his successful participation in a substance use treatment program, gainful employment, and overall good behavior, Mr. Foster has successfully achieved the objective of supervised release. A sentence of 3 years of supervised release is no longer just punishment.

## CONCLUSION

Based on Mr. Foster's nearly 16 months of exemplary behavior on supervised release, I submit this request for early termination of supervised release.

The interests of Justice and the efficiency of probation would be better served with the termination of Mr. Foster's supervised release.

Respectfully submitted,

/s/ Emilee Sahli
Marlon Kirton
Emilee Sahli
*Attorneys for Harvey Foster*

cc:   AUSA Alexander Li (via email)
      AUSA Andrew Rohrbach (via email)
      AUSA Ryan Finkel (via email)
      USPO Brianna Willborn (via email)

---

[3] Sentencing Guidelines Manual in § 5D1.2 at 5 describes completion of a treatment program as a fact the Court may wish to consider in determining early termination.

From: **Terry Foster**  < terryfoster518@gmail.com >
Date: Thu, Jul 11, 2024 at 8:51 AM
Subject: Harvey Foster
To: Marlon Kirton <    KirtonLawFirm@gmail.com >

Morning Mr. Kirton , I'm Writing This Letter On The Progress Of My Son Harvey Foster, We've Had Disscussions On Harvey In The Past ,Conclusions Harvey Has Matured Dramatically From Then , He's Steadily Employed For Years Now , I Myself Reside In Greenville SC I Visits Harvey And His Girl Frend April In NYC From Time To Time Work Permit, But I Would Love Harvey To Visit Me More In SC. Plus SEARCH For A Future Here Also , But The ( P. O. ) Program Is Not That Leenyant ,. HOPE He Has Served Time Enough With Them So We Can All Move On,

THANKS In Advance, Terry Foster

# ← Statements & Activity

Year

**2024 (13)**

| Date | Take Home | Hours | Gross | |
|---|---|---|---|---|
| Jun 28, 2024 | $970.02 | 72 | $1,216.00 | › |
| Jun 14, 2024 | $970.02 | 72 | $1,216.00 | › |
| May 31, 2024 | $1,015.03 | 80 | $1,280.00 | › |
| May 17, 2024 | $925.00 | 72 | $1,152.00 | › |
| May 3, 2024 | $981.28 | 77 | $1,232.00 | › |
| Apr 19, 2024 | $1,009.40 | 79.5 | $1,272.00 | › |
| Apr 5, 2024 | $1,003.80 | 79 | $1,264.00 | › |
| Mar 22, 2024 | | | | › |